UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA DYANN PENN, | ) |
| Plaintiff | ) C.A. No. 1:18-cv-00912-JEJ |
| v. | ) Hon. John E. Jones III |
| GALEN DETWEILER, York City Police Department; BRADLEY ENGLE, York City Police Department; CITY OF YORK; COUNTY OF YORK; and JOHN DOES and JANE DOES 1 - 10, | ) JURY TRIAL DEMANDED |
| Defendants | ) |

**SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1. The Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, protects the people from unreasonable seizures of their person. The United States Supreme Court has held that excessive use of force when effecting an arrest may constitute an unreasonable seizure of the person and accordingly violate the Fourth Amendment.

2. The Fourteenth Amendment to the United States Constitution protects the people from state deprivations of life, liberty or property without due process of law. Included within the meaning of "due process" is a

prohibition on punishing pretrial detainees by deliberately denying them adequate medical care.

3. In the early morning hours of July 3, 2017, plaintiff Melissa D. Penn was arrested by York City Police Officers without probable cause and with force which was unreasonable under the circumstances and therefore a violation of Ms. Penn's constitutional rights.

4. Ms. Penn's constitutional rights were further violated later that morning when her access to urgent medical care was intentionally and unreasonably delayed.

5. In the course of violating Ms. Penn's constitutional rights, defendants subjected Ms. Penn to various torts as hereinafter described.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this First Amended Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## PARTIES

7. Melissa Dyann Penn ("Ms. Penn") is a resident of York City, Pennsylvania.

8. Galen Detweiler ("Detweiler") is a York City Police Officer. He is sued in his individual capacity.

9. Bradley Engle ("Engle") is a York City Police Officer. He is sued in his individual capacity.

10. The City of York ("York City" or "City") is a municipality located in the County of York, Commonwealth of Pennsylvania.

11. The County of York ("York County" or "County") is an incorporated county within the Commonwealth of Pennsylvania with a population of approximately 440,000 residents, thereby making it a County of the Third Class pursuant to 16 P.S. § 210. York County oversees Central Booking.

12. John Doe No. 1 ("Doe 1") and John Doe No. 2 ("Doe 2") are York County sheriff's officers who were at Central Booking during the early morning hours of July 3, 2017.

13. John Doe No. 3 ("Doe 3") is a York County sheriff's officer who was at Central Booking during the mid-morning hours of July 3, 2017.

## FACTUAL ALLEGATIONS

14. In the early morning hours of July 3, 2017, Ms. Penn was patronizing Pandora's Box Bar & Grill in York City, Pennsylvania.

15. Defendants Detweiler and Engle knew or should have known that Ms. Penn's vision was temporarily impaired, which was further affected by the dark environment.

16. Notwithstanding such knowledge, defendants Detweiler and Engle approached Ms. Penn and failed to identify themselves as law enforcement officers.

17. Defendant Detweiler then seized hold of Ms. Penn's arm, applying force against the natural movement of her shoulder and elbow joints, and whipped her by the arm, face-first, into the side of a brick building. He then threw her to the cement sidewalk, where her body and then her head bounced off the cement.

18. Defendant Detweiler then violently beat Ms. Penn about the head and neck, repeatedly, with closed, gloved fists, as a crowd of onlookers watched. Defendant Detweiler's closed-fist punches to Ms. Penn's head caused her head to ricochet off the sidewalk; defendant Detweiler punched her at least four times in quick succession, giving her no opportunity to acquiesce to the arrest.

19. Upon information and belief, a bystander recorded Ms. Penn's beating at the hands of defendant Detweiler, using social media app Snapchat and also saved such video and later posted it to Facebook. It is unknown how many persons saw the original Snapchat version of the video. The Facebook user uploaded the video, marked with the text, "That's a cop fighting a girl[.]" This video is attached hereto as "Exhibit A."

20. Over the course of her merciless beating at the hands of defendant Detweiler, Ms. Penn drifted in and out of consciousness.

21. Ms. Penn came-to in the back seat of a police cruiser as defendant Detweiler said, "I got your ass now, you kicked me."

22. Ms. Penn again drifted in and out of consciousness and next awakened at central booking where she has been interred in a cell. She was coughing up blood and screaming for medical attention.

23. Hours after Ms. Penn's arrival at central booking, defendants Doe 1 and 2 finally responded to Ms. Penn's cries for help. Doe 1 offered to help Ms. Penn get to the hospital. Doe 2, in an attempt to discourage Ms. Penn from going to the hospital, threatened her. Notwithstanding defendant Doe 2's threat, Ms. Penn elected to be treated at the hospital.

24. Later that morning Ms. Penn was returned to central booking and was again interred in a cell.

25. Ms. Penn then made multiple requests to place a telephone call and was summarily denied each time. She explained that she needed to call her doctor regarding her symptoms, in accordance with the medical instructions she received at the hospital that morning and was again denied.

26. Ms. Penn observed a sign posted which states that detainees have no constitutional right to place a telephone call.

27. Later that morning a bond hearing was held where Ms. Penn represented that she has no significant prior arrests. Defendant Doe 3, wantonly and

without any verification, expressed doubt of Ms. Penn's statement regarding her criminal history. As a result, the judicial officer refused to release Ms. Penn upon her own recognizance as she had requested.

28. On July 3, 2017, Penn Live published a story regarding Ms. Penn's beating at the hands of defendant Detweiler, which included the bystander's Facebook video as an embedded video.

29. The York City Police Department, in response to widespread concern regarding defendant Detweiler's conduct in the Facebook video, released a statement, noting that the Facebook video, "is a very short few seconds of what occurred and we have video from multiple sources we are looking at" and it requested "that people not draw conclusions regarding a small portion of the incident and we [York City Police] hope to release more video in the future." This police statement was quoted in the York Daily Record, the York Dispatch, and Penn Live in stories published on or about July 3, 2017.

30. Punching a woman four times in the head when her head is placed next to concrete, causing her head to ricochet between an officer's closed fists and the concrete is apparently approved protocol for York City Police Officers in making arrests. York City Police Chief Wes Kahley, in describing defendant Detweiler's conduct in violently punching Ms. Penn in the face during the course of an arrest, said "the officer [Detweiler] acted according

to the protocols we have in place regarding use of force." This statement was recorded in a July 25, 2017 York Dispatch story.

31. In the same York Dispatch story, Chief Kahley further stated that "the department is still considering releasing video[.]"

## CLAIMS FOR RELIEF

**COUNT I.    Excessive Force in Violation of the Fourth and Fourteenth Amendments**

32. The Fourth Amendment prohibition against unreasonable searches and seizures, as incorporated against the states through the due process clause of the Fourteenth Amendment to the United States Constitution requires law enforcement officers to limit their use of force when making an arrest or investigatory stop to an amount of force which is reasonable under the circumstances.

33. Defendants Detweiler, Engle and York City all acted under color of law.

34. Defendants Detweiler willfully applied a grossly-excessive force to the person of Ms. Penn, which in light of the circumstances was unreasonable and therefore a violation of Ms. Penn's Fourth and Fourteenth Amendment rights.

**COUNT II.    Denial of Adequate Medical Care in Violation of the Fourteenth Amendment**

35. The Due Process Clause of the Fourteenth Amendment requires that pretrial detainees be provided adequate medical treatment.

36. Defendants Does 1-3 and York County all acted under color of law.

37. Defendants Doe 1 and Doe 2 knew or should have known that Ms. Penn had been lapsing in and out of consciousness as a result of her receiving several strong blows to her head and that her head had been crushed between a police officer's gloved fist and concrete, resulting in a dire need for medical attention.

38. Defendants Doe 1 and Doe 2 exhibit a deliberate indifference to the serious medical needs of Ms. Penn in leaving her unattended for several hours, alone in a cell, notwithstanding her cries for medical attention before they finally relent and permit her access to emergency health-care services, in clear violation of her Fourteenth Amendment due process rights.

39. Upon information and belief, defendant York County has established a written or unwritten policy which permits police officers to arbitrarily restrict a detainee's access to a telephone, even for constitutionally protected uses.

40. Upon further information and belief, as a result of such policy, defendants denied Ms. Penn access to a telephone even when Ms. Penn indicated that she had an urgent medical need which necessitated her use of the telephone.

## COUNT III. Battery

41. Defendant Detweiler, in intentionally seizing hold of Ms. Penn's arm, throwing her to the cement sidewalk, and mercilessly beating her about the head, defendant Detweiler caused harmful and offensive contact with Ms. Penn's person, constituting the tort of battery under Pennsylvania law.

## COUNT IV. Intentional Infliction of Emotional Distress

42. Defendant Detweiler, intentionally or recklessly, by his extreme and outrageous conduct in mercilessly ramming Ms. Penn's head into cement, caused severe emotional distress to Ms. Penn, which constitutes the tort of intentional infliction of emotional distress.

## COUNT V. Violation of Common Law Duty to Protect

43. Defendant Engle was aware of defendant Detweiler's excessive use of force on the person of Ms. Penn and failed to protect Ms. Penn from defendant Detweiler. Defendant Engle was in a position to protect Ms. Penn from suffering such harm but failed to do so. As such, defendant Engle's conduct constitutes the tort of violation of the common law duty to protect.

## COUNT VI. Civil Conspiracy

44. Defendants Detweiler, Engle, and John Does and Jane Does acted together with a common purpose in committing the unlawful acts alleged in Counts I through V and defendants' acts in carrying out such civil conspiracy caused

injury to Ms. Penn.  Accordingly, defendants Detweiler, Engle, and John Does and Jane Does committed the tort of civil conspiracy.

## REQUESTED RELIEF

Wherefore, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Detweiler, Engle, and John Does and Jane Doe Defendants;

C. Reasonable attorneys' fees and costs;

D. Declaratory, injunctive and other equitable relief; and

E. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

/s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office
600 North Hartley Street, Suite 170
York, PA  17404
(717) 893-5698
(717) 893-5873 (fax)

*Counsel for Plaintiff*

## **EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA DYANN PENN,<br>　　　Plaintiff,<br>　　v.<br><br>GALEN DETWEILER, ET AL,<br><br>　　　Defendants. | Civil Action No.<br>1:18-cv-00912-JEJ<br><br>(Hon. John E. Jones III)<br><br>**Jury Trial Demanded** |

**CERTIFICATE OF SERVICE**

　　I, Leticia Chavez-Freed, hereby certify that on this day, a true and correct copy of the foregoing has been electronically filed with the Court, and is available for viewing and downloading via the ECF System by the following counsel of record:

Donald B. Hoyt
**BYBR**
17 East Market Street
York, PA  17401
(717) 845-3674 (tel); (717) 854-7839 (fax)
psiebert@yorkcity.org

John P. Gonzales
**MARSHALL DENNEHEY, WARNER, COLEMAN & GOGGIN**
2000 Market Street, Suite 2300
Philadelphia, PA. 19103-4797
(215) 575-2871
jpgonzales@mwcg.com

Dated:  June 26, 2018

Respectfully submitted,
The Chavez-Freed Law Office
 /s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, PA # 323615 (Lead)
Attorney for Plaintiff, Isaiah Givens Jr.
600 N. Hartley Street, Suite 170
York, PA 17404
(717)  893-5698 (Tel.); (717) 893-5873 (Fax)
leticia@chavez-freedlaw.com