UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| MELLISSA DYANN PENN | : | |
| | : | Civil Action No. 1:18-CV-00912-JEJ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GALEN DETWEILER, BRADLEY ENGLE AND CITY OF YORK | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, GALEN DETWEILER, BRADLEY ENGLE AND CITY OF YORK TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Galen Detweiler, Bradley Engle and City of York, by and through their undersigned counsel submit this Answer with Affirmative Defenses to Plaintiff's Second Amended Complaint as follows:

1.	Denied as conclusions of law.

2.	Denied as conclusions of law.

3.	Admitted in part; denied in part.  It is admitted that plaintiff, Melissa D. Penn was arrested by City of York Police Officers in the early morning hours of July 3, 2017.  The remaining allegations are denied.  To the extent that Paragraph 3 contains conclusions of law, same are denied.

4.   Denied. To the extent that Paragraph 4 contains conclusions of law, same are denied.

5.   Denied as conclusions of law.

### Jurisdiction

6.   Denied as conclusions of law.

### Parties

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.  Admitted.

11-13.   Denied. The allegations contained in Paragraphs 11-13 refer to defendants other than Answering Defendants to which no response is required.

### Factual Allegations

14.   Admitted in part; denied in part. It is admitted that in the early morning hours of July 3, 2017 plaintiff was in and around the Pandora's Box bar in the City of York, Pennsylvania. The remaining allegations are denied.

15.   Denied.

16.   Denied.

17. Admitted in part; denied in part. It is admitted that defendant Detweiler attempted to take hold of plaintiff's arm and apply reasonable force to arrest plaintiff. It is further admitted that plaintiff was taken to the ground during defendant Detweiler's attempts to secure plaintiff. The remaining allegations are denied.

18. Admitted in part; denied in part. It is admitted that during his efforts to arrest the plaintiff, defendant used reasonable force to overcome plaintiff's resistance. It is further admitted that there was a crowd of individuals gathered around plaintiff and defendant Detweiler at the time. The remaining allegations are denied.

19. Admitted in part; denied in part. It is admitted that a video was uploaded to Facebook that purports to depict a portion of the encounter between plaintiff and defendant Detweiler. The remaining allegations are denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. To the extent that the allegations contained in Paragraph 23 refer to defendants other than Answering Defendants, no response is required as to those allegations.

24-27.   Denied.  To the extent that the allegations contained in Paragraphs 24-27 refer to defendants other than Answering Defendants, no response is required as to those allegations.

28.   Admitted in part; denied in part.  It is admitted that PennLive published a story on July 3, 2017 regarding the incident which included an embedded video.  The remaining allegations are denied.  By way of further response, the article is a writing, which speaks for itself, and any characterization of same is expressly denied.

29.   Admitted in part; denied in part.  It is admitted that the York City Police Department issued a statement with respect to the incident.  The statement is a writing, which speaks for itself, and any characterization of same is expressly denied.

30.   Admitted in part; denied in part.  It is admitted that then York City Police Chief, Wes Kahley is quoted in an article published by the York Dispatch on July 25, 2017.  The article is a writing, which speaks for itself, and any characterization of same is expressly denied.  The remaining allegations are denied.

31. Admitted in part; denied in part. It is admitted that the York Dispatch posted a report concerning the incident on July 25, 2017 that contains a quote from former York City Police Chief Wes Kahley. The article is a writing, which speaks for itself, and any characterization of same is expressly denied.

## COUNT I

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

32-34. Denied as conclusions of law.

## COUNT II

## DENIAL OF ADEQUATE MEDICAL CARE IN VIOLATION OF THE FOURTEENTH AMENDMENT

35-40. Denied. The allegations contained in Paragraphs 35-40 refer to defendants other than Answering Defendants to which no response is required.

## COUNT III

## BATTERY

41. Denied as a conclusion of law.

## COUNT IV

## INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS

42. Denied as a conclusion of law.

## COUNT V

## VIOLATION OF COMMONLAW DUTY TO PROTECT

43.    Denied as a conclusion of law.

## COUNT VI

## CIVIL CONSPIRACY

44.    Denied as conclusions of law. To the extent that Paragraph 44 refers to defendants other than Answering Defendants, no response is required.

WHEREFORE, defendants, Galen Detweiler, Bradley Engle and City of York demand judgment in their favor together with all costs and reasonable fees.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as to Answering Defendants.

2.    To the extent plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Answering Defendants claim same.

3.    Plaintiff's Second Amended Complaint fails to state a cause of action against defendant, City of York, pursuant to Monell v. City of New York, Department of Social Services, 436 U.S. 658(1978).

4.    Answering Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800(1982) and subsequent cases.

5.    Answering Defendants assert all immunity to which they may be entitled pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. Section 8542 *et seq*.

6. Answering Defendants assert immunity from the imposition of damages which are premised upon negligent conduct, as that term is defined in <u>Davidson v. Cannon</u>, 106 S.Ct. 668 (1987) and <u>Daniels v. Williams</u>, 106 S.Ct. 662 (1986).

7. Answering Defendants assert that plaintiff was, at all times relevant to the Compliant, afforded all rights and privileges to which she was entitled under the United States Constitution and all applicable State and Federal laws.

8. Answering Defendants assert all Common Law, Statutory and qualified immunity to which they may be entitled.

9. All policies, procedures and actions of Answering Defendants, were in accordance with all laws, rules, regulations, statutes and the Constitution of the United States and the Commonwealth of Pennsylvania.

10. Plaintiff's injuries, sufferings and/or damages, if any, were caused by her own conduct, acts, omissions, negligence, recklessness, disregard, criminal and/or other behavior, and not in any way by the conduct of the Answering Defendants.

11. Answering Defendants assert all of the defenses available to them under the Civil Rights Act of 1871.

12. At all times material to the Complaint, Answering Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them.  <u>Graham v. Connor</u>, 109 S.Ct. 1865 (1989).

13. As negligent or careless conduct on the part of Answering Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. Section 1983, Answering Defendants claim same as a defense.

14. No acts, conduct or omissions of Answering Defendants, were the proximate cause or legal cause of any damage allegedly sustained by the plaintiff and this constitutes a complete defense to the within causes of action.

15. To the extent that plaintiff's claims are barred by any judicial determination of any state or federal court, Answering Defendants claim same.

16. Plaintiff's injuries and/or damages were caused by her own criminal acts or omissions, or the criminal acts or omissions of others.

17. Plaintiff's Second Amended Complaint fails to plead or prove a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability.

18. The Doctrine of Respondeat Superior, is not applicable to any action brought pursuant to 42 U.S.C. Section 1983, which prohibits the deprivation of rights secured by the Unites States Constitution or Federal Law.

19. Answering Defendants were adequately trained, and there was no need for better or further training, and no municipal policy maker for Answering Defendants was deliberately indifferent with respect to proper police training.

20. Plaintiff's criminal charges were not resolved in her favor.

21. Answering Defendants possessed probable cause to charge plaintiff with the criminal violations with which she was charged.

WHEREFORE, Answering Defendants, Galen Detweiler, Bradley Engle and City of York, denies any and all liability and demands judgment in their favor and against all parties with interest, costs and attorneys fees as authorized by law.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Dated: July 31, 2018

By:_____
JOHN P. GONZALES, ESQUIRE
*Attorney for Defendants, Galen Detweiler, Bradley Engle and City of York*
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575- 0856

# **CERTIFICATE OF SERVICE**

I, JOHN P. GONZALES, ESQUIRE, counsel for Defendants, Galen Detweiler, Bradley Engle and City of York, do hereby certify that on the date listed below, a true and correct copy my Answer to Plaintiff's Second Amended Complaint on behalf of Defendants, Galen Detweiler, Bradley Engle and City of York, was electronically filed with the Court, and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Dated: July 31, 2018

By:_____
JOHN P. GONZALES, ESQUIRE
*Attorney for Defendants, Galen Detweiler, Bradley Engle and City of York*
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575- 0856