<u>**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**</u>

| | |
|---|---|
| MELISSA DYANN PENN, <br><br> *Plaintiff*, <br><br> v. <br><br> GALEN DETWEILER, <br><br> *Defendant*. | CIVIL ACTION NO.  1:18-CV-00912-JPW <br><br> The Honorable Jennifer P. Wilson |

<u>**REPLY BRIEF IN SUPPORT OF DEFENDANT, GALEN DETWEILER'S
MOTION *IN LIMINE* TO EXCLUDE FACEBOOK POSTS**</u>

Defendant, Galen Detweiler ("Officer Detweiler"), by and through undersigned counsel, Marshall, Dennehey, Warner, Coleman, and Goggin, P.C., hereby file this Reply Brief in further Support of their Motion in Limine to Exclude Facebook Posts authored by both the Defendant and former York City Police Inspector Craig Losty ("Inspector Losty"), (Doc. No. 75), to address the misstatements of fact and misapplication of law found in Plaintiff's Response in Opposition to the Motion ("Response"), (Doc. No. 96).

   I.   **Any Facebook Posts Authored By Inspector Losty Are Not Relevant To The Claims Asserted Against Officer Detweiler.**

Plaintiff argues that certain Facebook posts authored by Inspector Losty are relevant because they reveal that Inspector Losty harbored "a world view that is similar to Defendant Detweiler." *See* Pltf. Resp. (Doc. No. 96) at p. 4.  Plaintiff

argues that "it is logical to infer" from the social media posts authored by Inspector Losty "would have an affinity for rogue officers like Defendant Detweiler" and, hence, ratify an excessive use of force by Defendant Detweiler. *Id.* at p. 5.

Plaintiff does not appear to appreciate that Inspector Losty's social media posts bear no relevancy to the claims that remain viable in this case. In order for evidence to be relevant under Federal Rule of Evidence ("FRE") 401, it must have a logical tendency to prove a fact that is of consequence in the case being litigated. *See* Fed. R. Evid. 401(a)-b). Inspector Losty is neither a named party, nor a witness to Plaintiff's July 3, 2017 arrest. Although Inspector Losty did conduct an internal affairs investigation into Officer Detweiler's use of force *after* Plaintiff's July 3, 2017, arrest, he played no part in effectuating Plaintiff's arrest or transporting her to Central Booking. The only questions that remain of consequence in this action are (1) whether Officer Detweiler used excessive force on Plaintiff while attempting to arrest her on July 3, 2017, (2) whether Officer Detweiler committed a battery, and (3) whether Officer Detweiler intentionally inflicted emotional distress on Plaintiff during the course of their encounter on July 3, 2017. The City has obtained summary judgment on Plaintiff's municipal liability claims, *see* Memorandum and Order granting Dfts. Mot. for Summ. J. (Doc. No. 85), and, therefore, Plaintiff's negligent hiring and ratification claims have been adjudicated in the City's favor. Whether Inspector Losty improperly

"screened" Officer Detweiler or harbors religious animus, as Plaintiff alleges, is of no consequence to the claims that remain viable in this case. Inspector Losty's state of mind has no bear on a disposition of the events that unfolded on July 3, 2017. Since Plaintiff has offered no other reason why Losty's social media posts may be relevant to the issues that will be of consequence at the upcoming trial, these posts can, and should, be excluded under FRE 402. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").

    **II.**    **Rule 404 Forbids Plaintiff From Offering Officer Detweiler's Facebook Posts to Prove He Has A "Penchant For Violence."**

In her response to Defendant's motion *in limine*, Plaintiff announces her intentions to introduce certain Facebook posts authored by Officer Detweiler to prove he has a "penchant for violence." By her own admission, Plaintiff intends to use the Facebook posts to prove Officer Detweiler has a propensity for violence, and acted in accordance with that propensity on July 3, 2017 – a purpose expressly prohibited by FRE 404(a)(1). Even if this evidence could be admitted under FRE 404(b), it should still be excluded under FRE 403. The probative value of these posts are minimal; they were written years before Plaintiff's arrest, and are cryptic, at best. They do not prove that Officer Detweiler actually *used* excessive force on other civilians, or acted with sadistic motivations at the time of Plaintiff's arrest. Worse, this evidence is manifestly prejudicial, given its tendency to portray Officer Detweiler as a bully. Moreover, Defendant is not confident that Plaintiff's counsel

would refrain from editorializing or offering her own interpretation of these posts, given that she included her interpretation of the Facebook posts in the body of Plaintiff's Response.  If Plaintiff's counsel is allowed to editorialize these Facebook posts in front of the jury, it could prejudice the jury against Officer Detweiler or distract them from the critical liability issues at hand.  For these reasons, the Court can, and should, exclude the Facebook posts authored by Officer Detweiler under FRE 403.

For the foregoing reasons, and for those articulated in Defendant's memorandum of law in support of its motion *in limine*, Defendant Galen Detweiler respectfully requests that the Court grant his motion *in limine* to exclude certain Facebook posts at trial, and enter the order attached to Defendant's motion.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
JOHN P. GONZALES
Attorney ID No. 71265
MONICA L. SIMMONS
Attorney ID No. 323605
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P: (215) 575-2871/F: (215) 575-0856
E-mail:  jpgonzales@mdwcg.com
             mlsimmons@mdwcg.com

*Attorneys for Defendant Galen Detweiler*

Date: December 5, 2019

## **CERTIFICATE OF SERVICE**

I, John P. Gonzales, Esquire, do hereby certify that a true and correct copy of Defendant's Reply Brief in Support of Defendant's Motion *in Limine* to Exclude Facebook Posts was electronically filed with the Court on December 5, 2019, and is available for viewing and downloading from the ECF System.

                                                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
                                JOHN P. GONZALES
                                Attorney ID No. 71265