

2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (215) 575-2871
Email:  jpgonzales@mdwcg.com

October 12, 2020

The Honorable Jennifer P. Wilson
United States District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Building & U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA  17108

      RE:    *Melissa Dyann-Penn vs. Galen Detweiler, Bradley Engle and City of York*
            Docket No.:  USDC for the Middle District of Pennsylvania, Civil Action No. 18-00912
            Our File      20021.00305

Dear Judge Wilson:

    Please permit this letter to provide an outline to the Court of objections on behalf of Defendant with respect to certain exhibits identified byPlaintiff in her Pre-Trial Memorandum as a follow up to our off-the-record discussion at the Final Pre-Trial Conference.  In addition, Defendant wishes to address some final housekeeping/general issues.

    Defendant objects to the following plaintiff's exhibits:

    P1     Concrete slab, 6"x6"x4".

    Plaintiff apparently intends to show the jury a concrete slab, that was not removed from the scene of the incident, but apparently created for purposes of trial.  This exhibit should be precluded pursuant to Fed.R.Evid. 401 as it is not relevant to any issue in this case and will not assist the jury in understanding the facts of the case.  A jury can readily understand and evaluate a concrete sidewalk.  Moreover, it should be precluded pursuant to Rule 403.

Judge Jennifer P. Wilson
October 12, 2020
Page 2

_____

P2    Three industrial red bricks.

Again, apparently plaintiff intends to bring into the courtroom three actual red bricks. However, these bricks are not the same as those used on the wall of the building against which Officer Detweiler attempted to arrest plaintiff.  For the same reason as the sidewalk sample, these should be precluded.

P28   Labeled "viral video of assault".

Although the Court has previously ruled that the Facebook video of the incident is admissible, defendant objects to the wording that is overlaid on the video which states, "that's a cop fighting a girl."  This amounts to inadmissible hearsay pursuant to Rule 801 and violates Rule 403.

P31   This exhibit is entitled, "Powerpoint done by Dr. Cantu, assessing plaintiff's brain injury and explaining the function and consequences of a traumatic brain injury."

This 23 page Powerpoint, contains documents and materials that were not previously produced in discovery or attached to Dr. Cantu's report.  Moreover, the various slides do not accurately reflect the plaintiff's alleged injuries or medical conditions, and many contain phrases that are speculative in nature and do not assert opinions "to a reasonable degree of medical certainty", but include terms such as "may".  In addition, one slide actually contains reference to CTE, which no doctor, including Dr. Cantu, has diagnosed plaintiff as suffering from.  Finally, the Powerpoint also contains information beyond the scope of Dr. Cantu's expert report.

P38   "Demonstrative infographic", PDF

This exhibit portrays a diagram of an iceberg with various words and phrases.  It should be precluded because it is not relevant to any issue in the case and is unfairly prejudicial. Moreover, it contains a claim for lost wages, which Plaintiff's counsel represented at Plaintiff's deposition, she was not pursuing.

P40   Plaintiff's journal entries, July 2017, post incident.

This exhibit is a typed journal plaintiff produced in discovery, and amounts to inadmissible hearsay pursuant to Rule 801.  Moreover, the journal contains hearsay within hearsay when referencing statements allegedly made by non-parties, such as the Sheriffs deputies.

P43   City of York, PA Police Department – PWC and MVR policy.

It appears that plaintiff is going to attempt to introduce evidence that Officer Detweiler did not have a body camera and the City of York did not preserve his in car dash camera.  While

Judge Jennifer P. Wilson
October 12, 2020
Page 3

_____

this may have been arguably relevant to plaintiff's <u>Monell</u> claim against the City, it has no bearing on the use of force by Officer Detweiler. He did not decide whether to be issued a body camera, that decision is made by the City. Moreover, the preservation of the car camera video, assuming that it existed, was the responsibility of the City, not Officer Detweiler. Subjecting him to cross-examination and/or introduction of this policy at trial is not relevant to any issue in this case, and is unfairly prejudicial in violation of Fed. R. Evid. 403.

In addition to the specific exhibits defendant objects to, there are some general issues that defendant wishes to address with the Court.

- Introduction of Race into the trial. Defendant is concerned that Plaintiff's counsel will attempt to introduce race into the case. This is not a 14th Amendment Equal Protection claim. The motivation of defendant in using force is irrelevant to any claim asserted by plaintiff. Any attempt to introduce race, or other recent high profile cases should be precluded as irrelevant and unfairly prejudicial.

- Plaintiff's liability expert. Based upon the Court's rulings, Margo Frasier's testimony will be limited and she cannot opine on the ultimate legal issue of whether Officer Detweiler's use of force was reasonable, nor on any issues related to Plaintiff's Monell claim. However, when reviewing Ms. Frasier's report, her opinions have all been precluded by the Court's ruling, except for Opinion #5. Each of the other 12 opinions expressed in her report specifically refer to issues that have been precluded, including opinions relevant only to Plaintiff's Monell claim: #2 – 4, and opinions as to the ultimate legal issue: #1, 6 – 13.

Thank you for your attention to this matter.

Respectfully yours,

John P. Gonzales

JPG:jg

cc:   Leticia C. Chavez-Freed, Esquire  (leticia@chavez-freedlaw.com)
      Donald B. Hoyt, Esquire (psiebert@yorkcity.org)

LEGAL/133182489.v1